Deborah Lister et al. v. Bank of America, N.A., etc. et al. Good morning, Your Honor. I would like to reserve three minutes for rebuttal, if that's possible. Thank you. My name is Lee Blaze, B-L-A-I-S. I am an attorney, and I am representing Ms. Lister and myself. I am an appellant here as well. Ms. Lister is my wife. In the court below, you represented only yourself, is that right? That's correct, Judge. I'm not admitted at the Rhode Island Court. I want to make clear what this case is about. It is clearly and simply an attempt to clarify title. That is all. It is not, what you might glean from reading the opinion in the lower court, a challenge to a foreclosure. There is no foreclosure. There never was a foreclosure. I do not know where the court got that idea or why it has written on that subject. It is clear error that the court has misperceived the nature of the action and has written on the subject of whether or not foreclosure was proper. This is a simple case under Rhode Island quiet title. But if that's so, you still have to meet the threshold standard of plausibility under Rule 12, B-6 in a federal court proceeding. And I don't see anything in this case so far that constitutes a plausible cloud on title that would justify a quiet title action. The only potential cloud on title seems to me to be the mortgage, but it seems to be admitted or at least proven that the mortgage was signed, delivered, recorded, and is in the land records and is currently in effect. So what else is there that goes to title? The note, Judge. But the note doesn't go to title. Well, it does according to the Rhode Island Supreme Court, which said very clearly that there must be an agency relationship. But you're talking in the event of a foreclosure, but you've just told us this isn't a foreclosure action. Well, but in order for somebody even to be a servicer and to collect money, which is what these banks are trying to do, have tried to do, they must have, according to the Rhode Island Supreme Court. So contest their right to collect the money, that still doesn't go to title. I mean, you have a very plausible action from what I can see under the Fair Debt Collection Practices Act, if there's been a refusal to verify the debt, yet repeated attempts to collect it. But you haven't chosen to pursue that. You've instead chosen to pursue a quiet title action. And I understand your problem with trying to identify the holder of the note. But those problems don't relate, in my view at least, to the title to the property. They would in a foreclosure action for the reason that you mentioned, but there is no foreclosure action. I disagree, Judge, because I think in order for somebody to put their hand out and ask for money and to claim you must pay, there needs to be a demonstration that they have standing, that they have a title position to do that, that they are in fact are a servicer, an agent of the note holder. And according to the Rhode Island court, that is the only way they can become a servicer. You and I are talking past each other. I have no doubt that in order to demand payment on the note, that you've got to be able to prove that you hold the note, or you've got to demonstrate that you have a right to demand payment. What I'm questioning is not that, but I'm questioning how that relates to title. This note could be completely independent from the mortgage, and the note itself would still be valid. You would still have to pay the note or come up with valid defenses for not paying it. That's separate from the question of title. The note becomes involved with title only in the event of a foreclosure action, and there is none. Well, I guess what the court is saying essentially is that there is no way to challenge the position of an individual who has put themselves in the chain of title here. I mean, they filed papers. There's no question about that. And then withdrew them. No. The foreclosure papers? No, no, not foreclosure papers. I'm talking about the original servicer standard, and then the assignments of those to the court. If I went to the registry, I would find, I assume, that your wife is the title holder to the property subject to an outstanding mortgage. Yes. Correct? That's correct. So at that point, there's no clout on title to be quieted by the action that you're seeking to do. Now, if they seek to foreclose, as Judge Celia has said, you may have some very good defenses to that foreclosure. They don't know where the note is. There are any number of reasons. You may also have a claim because they failed to give you an accounting. Those things, but that's different. The title itself doesn't have a clout in the usual sense. It has a mortgage which your wife executed and which is recorded. I think the key was in the usual sense, Judge, because we have, and this court has said that there is clearly standing, and I understand you said that in the context of foreclosure actions. We speak together. But I think the issue is that I do not, it seems to me that when someone files documents in the chain of title, when you go to the town hall or the land evidence records and you look at the title and there's a title rundown, there appears the interest of these banks as claiming an interest in the title. Well, they have one. They loan your wife a sum of money. She signed a note and she executed a mortgage and they recorded it. That's a typical transaction. And the question is are these the people to whom the money is owed? Well, that may be a very good question, but not necessarily in this case. They haven't tried to foreclose on your wife's property. They haven't put that in effect as of yet. Now, I understand from your claim is that you're trying to sell the property and you can't sell the property because of this issue. I don't want to represent to the court that we can't sell it. It hasn't sold yet, and that may very well be one of the reasons. I don't know what's in the prospective buyer's mind, but it certainly makes the process more difficult. I'm missing something in your argument, counsel. Perhaps you could help me. Your wife owns the property? Yes. And there's a note outstanding? Yes. So she has the equitable title to the property? That's right. She did sign a mortgage? She signed a mortgage, yes. So she no longer has legal title to the property? She signed a mortgage originally to the Bank of America. So she no longer has legal title to the property? Yes. So in a quiet title action, what is the claim that's adverse to her equitable interest that you're alleging here? The claims that are adverse are? Because she doesn't have legal title, so it has nothing to do with the mortgagees. Well, because if I follow you correctly, you're saying that because Rhode Island is a notice state? Is that the line of argument? There's legal title and there's equitable title, right? That's Rhode Island. She gave up legal title. So there's no adverse claim to her legal title because she doesn't have any. She has equitable title. And what is the adverse claim to her equitable title that you are alleging? That these individuals, this chain of banks that have passed this servicing status around, it basically is a cloud on her equitable title. How so? Because we can't sell it. All I saw in the complaint is a complaint against mortgagees. I'm sorry? All I saw in the complaint is a complaint against mortgagees or putative mortgagees. That's right. But she doesn't have legal title. You've just told me that. That's correct. She has equitable title. So the mortgagees don't have anything to do with this. So it's not a quiet title action. I just want you to help me understand where I'm going off the rails here. The facts are correct. I'm having trouble with the conclusion that someone who is, in the normal parlance, an equitable title holder and where there are encumbrances recorded, where she is trying simply to clarify at this point who has claims on this property. And that's all this is the attempt to do. That's all. Well, those claims have to be adverse to hers. And if she doesn't have legal title, then you don't have a quiet title action on the facts that you've alleged because you're talking about a putative mortgagee having an adverse claim. And you've already acknowledged that she doesn't have legal title. I'm having trouble with the concept that because somebody is an equitable title holder and there are mortgagees that that doesn't affect the status of the equitable title. Well, let's assume that you get a sale and the money you receive since the market has improved is more than enough to satisfy what you believe is the outstanding balance on the note. Yes. And you go to one of these banks and say, who holds the mortgage and who holds the note? And can somebody, if I pay that money, and can somebody, A, give me back my note and discharge the mortgage? That would be what you would expect would happen here. And that would raise the issue if no one could come forward and say, A, how much is owed or who has the note or where the mortgage is. It might be a different question. The problem, Judge, with that is even determining who that person is. For example, in the course of the pleadings in this case, we've learned that the Bank of America, who is not showing up at the end of this chain, now claims to be a master servicer, whatever that means. And so that is the whole purpose of the action that was filed, which is essentially to say whoever has an interest in this property, come forward and state it clearly. I guess what you may be saying is that it is a better approach to simply wait until a foreclosure is started and then begin this process over again. Well, it ought to until you sell the house, and if no one then wants to come forward to claim the mortgage balance, which is a very doubtful eventuality, then you can deposit that balance in the court and interplead these mortgages. Let them fight about it. I just want to clarify one housekeeping thing because it will help when we get to the opinion. So you're not a member of the District of Rhode Island Bar, is that right? That's correct. But you are of the State Supreme Court of Rhode Island? No, I'm not. Okay, so where is your bar membership? Massachusetts. Okay, thank you. One other thing. What is your interest in the property? You're not an owner, is that right? No, I have a leasehold interest, Judge, in the property, which goes back to 12 years when the property was re-executed a lease. So I am a leaseholder. You've reserved some time. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Maura McAlvey for the Apple Ease Mortgage Electronic Registration Systems, Inc., Homeward Residential. Would you mind pulling that microphone a little closer to yourself? Yeah. Is that better? Yeah. Great. Homeward Residential, Inc., and Aquin Loan Servicing, LLC. As the Court has gleaned from the outset, this is a case that is all about quiet title. While the listeners have alleged three separate counts in their complaint, only count two, the quiet title action, is a viable cause of action. We're asking this Court to affirm the Rhode Island District Court's dismissal of this case because the allegations in the complaint fail to state a claim. I understand that, but it does seem to me that this litigation has been made necessary only because, if you credit the allegations of the complaint, these people have been trying with a series of demands for debt verification under the Fair Debt Collection Practices Act to identify who their creditor is, who the holder of the note is, and everyone appears to be stonewalling them. Can you give us any explanation for why that's occurring? Well, Your Honor, I think that the point earlier, certainly in this particular case, revolves around the fact that this quiet title statute really only goes to the record chain. No, no, I understand that, but I asked you a question that had nothing to do with the quiet title statute. Sure. I asked you a practical question. Okay. It would seem to me to be not much of an imposition on a creditor. Right. To verify the amount of the debt and who the holder of the note is, and yet these plaintiffs appear to have been stonewalled at every turn. Well, Your Honor, I think the key to your statement in the question that you asked me was that we have to credit these allegations as true at this juncture. It's certainly not my client's position that Mr. Blaze and Ms. Lister have not been provided with any information about the note holder or the amount owed on this line. Are you in a position to provide them with that information? Yes, Your Honor. Have you done so to date? Yes, my client has in the past, and I certainly have. Has provided them with information as to the holder of the note and the amount of the debt that's due. I believe that is the case. I was not involved at the juncture that they were making these demands. Prior counsel was involved. Okay. But I certainly can provide that information. All right, good. Would you say it would be very helpful to us, regardless of the outcome of this case, I think it would be in the interest of fairness and justice, if you would commit to do so and I'd like you to file some sort of brief statement with the court indicating that that has been accomplished within the next 10 days? I can do that, Your Honor. Okay, thank you. You know, I think the issue here with the note, it really goes back to the mortgage, however. Oh, I understand. Well, the mortgage contract itself, the mortgage that Ms. Lister has acknowledged and admitted that she signed, that's notarized, that's recorded in the chain of title, has provisions at paragraph 20 that clearly provides that this mortgage can be transferred among servicers, that they will be provided notice of the transfer of the mortgage from one servicer to another servicer, so that this information has been provided. Servicers are required, pursuant to the terms of the mortgage and pursuant to federal law, RESPA, to do these, take these actions and to provide the information. So while I cannot, within the record, make or point to the court to where this information is provided, I can certainly state on behalf of my clients that when they are requested this information, they have and will provide it. Let me ask you a question. It's many, many years since I had to do this sort of work, and the world has changed. But the notes are negotiable instruments, are they not? Yes. And if you separate the note from the mortgage, let's assume that the mortgagee says, You owe me X, and I pay off the mortgage. And since nobody seems to know where the notes are, sometime down the road a holder in due course shows up with a note and says, By the way, you owe me a quarter of a million dollars. I don't care that you got a mortgage discharge. I have the note. Isn't that a problem? The separation of the note and mortgage has been addressed by the Rhode Island Supreme Court. I understand that, but isn't it a practical problem? I don't think so, Your Honor. I think that, as you point out, when a mortgage is discharged, at least in relation to the property, it satisfies the note. Yes, as to the property, but the note's out there somewhere. Right, and the note is generally returned upon satisfaction of the mortgage. If somebody can find it, or it might be because of all the securitization, all this happened, these notes have been separated, it may be in a package that somebody buys a bunch of defaulted notes. Well, I don't believe that that's the facts in this case yet. They're claiming they don't know what the facts are. That's why the request from Judge Sellier would be helpful. Right, I do understand that. But I think in the context of the claims alleged in this complaint, which is asking a court to quiet title to this property, the issue and the focus on the note is misplaced. Ultimately, initially Ms. Lister claimed that she could not recall executing the note. Eventually, within the context of the record below, she acknowledges, yes, she signed the note and the mortgage, and the mortgage was recorded in the chain of title. And here there's simply nothing in the record, as the court has identified, to establish that there is any clout on title based on that mortgage. The mortgage itself, it's a MERS loan, and it allows for MERS to convey and transfer the rights, title and interest, the legal title to this property as nominee and mortgagee, pursuant to the language of that mortgage. In addition, MERS can do so to its successors it assigns also, receive the right title of interest. And here, because we have, as you pointed out earlier, Rhode Island is a title theory state, really Ms. Lister's interest in this property is left to an equitable right of redemption. So her challenge, at least as alleged in the four corners of the complaint and the underlying record, fails to state a claim to quiet title. There's no clout to remove. There's no need to assert or challenge the validity of the current title based on her acknowledgement that she did execute this mortgage and it's recorded properly and acknowledged and witnessed in accordance with the Rhode Island conveyancing statutes. As I understand it, there was at one point an indication that there was going to be a foreclosure and that was dropped. How long has the note been in default? The note has been in default. The last payment was made in March 1, 2010, Your Honor. It has been in default for four years. For four years, yes. Yes, and all of the payments relating to that property have been advanced by the current mortgage and note holder. So, you know, to the extent, though, that this particular case is alleging a demand to quiet title, there's simply nothing in the record that would allow for that. And on that basis, we're asking the court to affirm the district court's dismissal of this case. Unless the court has any further questions, I'll turn it over to counsel for co-appellees. Thank you. Thank you, and may it please the court. My name is Joseph Yanouskas. I represent Bank of America. I think the court's questions have gone to sort of practical issues about the loan, and I just wanted to touch on three practical issues. One, the homeowners had a federal right under 12 U.S.C. 2605e to write to their servicer, the person who was sending them the monthly loan statements, and ask them any information about the loan. There's no allegation they did that, but had they done that, there would have been a federal duty on the servicer to respond in writing to a request from the homeowners about who owned their loan. But we will provide that information as the court has requested. But even more practically, the homeowners can go onto the MERS system and put in their name and their Social Security number, and in about 30 seconds we'll get the information about who the current holder of the note is. They can do that themselves without any intervention from us. Note and mortgage? The note holder. MERS is the mortgage holder, and then it's conveyed through two assignments that were recorded in the land records. But that information will be shown there. Finally, Your Honor, as a practical matter, another federal practical point that plays in here is that under TILA, and it's 15 U.S.C. 1641g, every time a loan is transferred, there's a requirement under federal law for the new creditor to send a letter to the borrower and say, I'm the new creditor. This is my name. This is my telephone number. This is my address. This is the date that the loan was transferred, and this is how you can reach the servicer if you want to reach the servicer. So there's a lot of protections for Ms. Lister and Mr. Blaze to find out information about the note holder. There's no allegations, specific allegations that they invoked any of those, but they're all available to them, and we will also provide the information to the court. Thank you. If anything has become clear through this discussion, it is that we don't have facts. The supposed notices of change of servicer never occurred. There are no monthly statements. There haven't been any communications from anybody regarding this loan on a monthly basis or any other basis. That's the problem here, is that, and why we're asking simply that this be remanded for some discovery. At that point, if I'm wrong on my theory. But excuse me, counsel, you don't get discovery unless you've made a plausible cause of action, and that's the problem. Let me restate my answer to your question originally as to whether or not there's an issue here. This loan was originally given by a company that went bankrupt almost immediately. That company has no records. I've tried to get them. They've indicated they have, in fact, the trustee in bankruptcy defaulted in this action because he said he has nothing to add. There are no records left. The records have been destroyed. Couple that with the refusal of any of these banks to provide any information about how this all occurred, how they got possession of this, how they came to be agents, which is required under the Bucci decision in Rhode Island, as to whether they had any standing in this matter at all, other than simply trying to collect money. That is the reason for bringing this to begin with. I think the court is absolutely correct that had we had answers at the beginning of this, straightforward answers about who's on first, who holds this loan, who is the note holder, how did you get the note? Because the note was to a now bankrupt company. If that company still is the holder of the note, I suggest that the agency cannot exist between the note holder and a servicer because it's a bankrupt company. You can't maintain an agency. So, obviously, if they're correct in their status as a servicer, there has to be another note holder somewhere. We've received no notice of any of that. If there are no more questions, we'll simply rest on our platings. Thank you.